In re Josephine C. SUAREZ, Debtor.

Bankruptcy No. 88–7970–8P1.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

March 14, 1989.

Thomas C. Little, Clearwater, Fla., for debtor.

William Zewadski, Tampa, Fla., for Twinjay Chambers Partnership.

### ORDER ON MOTION TO LIFT THE AUTOMATIC STAY AND/OR FOR ADEQUATE PROTECTION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 case and the matter under consideration is a Motion filed by Twinjay Chambers Partnership (Twinjay) who seeks relief from the automatic stay in order to complete the foreclosure action against certain properties owned by Josephine C. Suarez (Debtor). The properties involved are referred to as Travatine Island, Mainland Lots Property and Silver Sands Motel. Although the Motion does not specifically state the basis for the Motion, it appears that it is based on § 362(d)(1) of the Bankruptcy Code inasmuch as Twinjay seeks an order directing the Debtor to furnish adequate protection to Twinjay during the pendency of this Chapter 11 case.

In due course, the Motion was scheduled for preliminary hearing and on February 2, 1989, this Court entered an Order extending the automatic stay until further Order of this Court, and granted some adequate protection to Twinjay set forth in detail in that Order. The Order also scheduled a final evidentiary hearing to consider whether or not the Motion should be granted or, in the alternative, what additional protection should be granted to Twinjay.

At the duly scheduled final evidentiary hearing, the Court considered the testimony of witnesses presented in support of and in opposition of the Motion and finds and concludes as follows:

The Debtor is a co-owner with her daughter of the properties involved in this controversy. While the original Motion sought relief in order to enforce a claim against the property known as Travatine Island, this claim is no longer in contention because Travatine Island was sold at the foreclosure sale and it was purchased by Twinjay, having been the successful bidder by bidding $1.4 million. This, of course, reduced the amount owed to Twinjay by that sum, less the cost and attorney fees and other costs attendant to the sale.

After these credits, the amounts still outstanding and due and owing to Twinjay are $1,031,587.09 as of February 22, 1989, and accruing at a rate of $339.15 per day.

This indebtedness is currently secured by the Silver Sands Motel located in the City of Indian Shores in Pinellas County and the property known as the Airport Property owned by the Debtor. In additional collateral, Twinjay also has two mortgage receivables payable to the Debtor and as additional, one Agreement for Deed with a combined face value of $30,000.

The Silver Sands Property is currently being operated as a motel. The motel was built in the late 1940's with some additions in the early 1950's. It is facing the Gulf of Mexico and has frontage on the Gulf of 200 feet and depth of 260 feet for a total of 42,600 square feet or .74 acres. The property is zoned for hotel/motel operation. The building occupying the land consists of five separate buildings, four of which are motel space and an office/laundry building, with square footage as follows:

| | |
|---|---|
| Building # 1 (Office) | 300 sq. ft. |
| Building # 2 (on Gulf Blvd.) | 1,944 sq. ft. |
| Building # 3 (on South End) | 1,704 sq. ft. |
| Building # 4 (Middle) | 1,543 sq. ft. |
| Building # 5 (North End) | 1,152 sq. ft. |

The experts testifying in opposition of the Motion considered the market, that is, comparable sales and costs of replacement, and placed a value on the subject property of $1,295,000. The same appraiser also appraised the Airport Property, the other property and, since it is vacant land, merely considered comparable sales. Based on that data the expert placed the value of the land at $1.3 million. It appears, although there is no direct evidence in this record, that the Airport Property might be a toxic waste site as it is without dispute that the property in past years had been used as a city dump. There is evidence in this record that the Debtor at one time had a sale for the subject property for $1.1 million, but the deal fell through and the property was not sold.

The expert presented in support of the Motion did consider not only the market but also the income producing potential of the motel and cost of replacement and based on these values indicated a low of $500,000 and a high of $630,000 as the value of the motel property.

Based on the foregoing, this Court is satisfied that the Motion for Relief from Stay filed by Twinjay should be denied, and the stay should be extended with the proviso that the Debtor shall continue to make to Twinjay the adequate protection payments previously ordered by this Court. In the event the Debtor fails to make any adequate protection payments, Twinjay shall be entitled to an ex parte Order Granting the Motion for Relief from Stay.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Relief from Stay filed by Twinjay be, and the same is hereby, denied and the automatic stay be, and the same is hereby, extended provided the Debtor furnishes Twinjay with the adequate protection payments previously determined by this Court. In the event the Debtor defaults in its payments to Twinjay, Twinjay shall be entitled to an ex parte Order granting its Motion for Relief from Stay upon 24–hour telephonic notice to the Debtor, and the filing of an affidavit of default with this Court. It is further

ORDERED, ADJUDGED AND DECREED that the Debtor shall file a Disclo-

sure Statement and Plan of Reorganization with this Court by April 10, 1989.

DONE AND ORDERED.